UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PASA AVDIC,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

No. CV-06-0044-CI

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 12, 15.) Attorney Maureen Rosette represents Pasa Avdic (Plaintiff); Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney L. Jamala Edwards represent the Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and pleadings filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and directs an immediate award of benefits.

## I. JURISDICTION

Plaintiff protectively filed for Social Security Income (SSI) on February 11, 2003. (Tr. 111-114.) She alleged disability due to mental illness with an alleged onset date of October 1, 2002.[1] (Tr.

---

[1] Plaintiff's application is for Social Security Income (SSI) benefits only, under Title XVI of the Social Security Act. (Tr.

111-114.) The Administrative Law Judge (ALJ) determined that a hearing was unnecessary. (Tr. 61, 65.) ALJ John R. Hood found Plaintiff disabled in a fully favorable decision issued November 13, 2003. (Tr. 56-66.) On its own motion the Appeals Council reviewed the ALJ's decision, found that it was not supported by substantial evidence, and remanded to the ALJ for a new determination. (Tr. 80-87.) The ALJ held a hearing on December 14, 2004. In a decision entered on July 14, 2005, the ALJ found that Plaintiff could return to her past work as a janitor or laundry worker, and was therefore not disabled. (Tr. 17-22.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7.) The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial

---

111-114.) In Title XVI cases "onset will be established as of the date of filing provided the individual is disabled on that date." *SSR 83-20.*

gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala*, 9 F.3d 813 (1993). If a claimant meets those requirements, the burden shifts to the Commissioner to demonstrate at step five that a claimant can engage in other types of substantial gainful work which exists in the national economy. *Erickson*, at 817 (*citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)). To make this determination, the Commissioner must consider a claimant's age, education and work experience. 20 C.F.R. § 404.1520(f); 416.920(f). *See Bowen v. Yuckert*, 482 U.S. 137 (1987).

**III. STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599 (9th

Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## IV. STATEMENT OF THE CASE

Detailed facts of the case are set forth in the transcript of proceedings and the parties' pleadings and are briefly summarized here. Plaintiff was 49 years old at the time of the ALJ hearing. (Tr. 38.) She was from Bosnia and had never attended school, other than for twenty days in the United States in an English as a Second Language class. (Tr. 39.) Plaintiff is not able to speak, read or write English. (Tr. 39.) She has relevant work experience as a laundry worker and janitor. (Tr. 38, 48-49.) Plaintiff said that she is not able to do math. (Tr. 39.) Plaintiff testified that she became unable to work washing hotel laundry because she would get sick and get lost. (Tr. 39.) She testified she has extreme headaches, problems sleeping and her nerves are "shot." (Tr. 40.) Plaintiff said she feels like she is hearing voices, has flashbacks from the Bosnian war a couple of times daily, and has nightmares. She lives in an apartment and does not drive. Her daughter cooks her meals for her, and sometimes helps her bathe and shower. (Tr. 41-44.)

Medical expert Allen Bostwick, Ph.D., and Vocational Expert (VE) Tom Moreland testified at the hearing. Mr. Moreland testified that a person of the Plaintiff's age and background, who has moderate limitations in concentration, persistence and pace, could

not be competitively employed on a reasonably continuous and sustained basis. (Tr. 50.)

## V. ADMINISTRATIVE DECISION

At step one, ALJ Hood found Plaintiff had not engaged in substantial gainful activity since her alleged onset date; at steps two and three, he found Plaintiff had the "severe" impairments of depression and an anxiety-related disorder, but these impairments did not meet or equal a listed impairment in Appendix 1, Subpart P, Regulation No. 4 of the Regulations. (Tr. 18-19.) After the hearing and in the second decision, the ALJ found Plaintiff's allegations regarding her limitations were not totally credible. The ALJ based this determination on Plaintiff's effort on tests given by Joyce Everhart, Ph.D., even though the ALJ had relied on the results of this exam to find Plaintiff disabled in the first decision. (Tr. 20-21.) At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform work at all levels of physical exertion, but due to her mental impairments, she is limited to work involving "routine and repetitive tasks and simple instructions to understand, remember and carry out would be consistent with unskilled work." (Tr. 19, 21.) He found Plaintiff could perform her past relevant work. (Tr. 21.) The ALJ determined Plaintiff was "not disabled" as defined by the Social Security Act. (Tr. 21.)

## VI. ISSUES

The question presented is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Specifically, Plaintiff argues the ALJ erred when he did not give adequate reasons for rejecting the medical opinions of her treating physician and examining psychologists. (Ct. Rec. 13 at 9.) She

also contends that in the ALJ's first decision, he relied on Dr. Everhart's opinion (particularly the assessed GAF of 50), when he found her disabled. Because Dr. Everhart's opinion did not change between the first and second decisions, Plaintiff argues that the ALJ should have again relied on that opinion and again found her disabled. (Ct. Rec. 13 at 6-7.) The additional issues Plaintiff raises are whether the ALJ's determination that she can perform her past work is supported by the record, and whether the ALJ properly considered the vocational expert's testimony. The first issue is dispositive.

## VII. DISCUSSION

A. Medical Source Opinions

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion

if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful in his adjudication. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989)). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

On January 21, 2004, Plaintiff's primary care physician, Duncan Lahntinen, D.O., opined that she was markedly impaired in three areas and moderately impaired in eight areas of work-related functioning. (Tr. 210-211.) In June 2003, Joyce Everhart, Ph.D., evaluated Plaintiff and assessed a GAF of 50. On July 8, 2003, consulting agency physician Eugene Kester diagnosed an affective disorder and an anxiety-related disorder. (Tr. 182.) Dr. Kester, relying in part on Dr. Everhart's conclusions, opined that Plaintiff "has the cognitive ability to continue unskilled, repetitive work. Persistence may be compromised due to the interaction of physical and psychological factors." (Tr. 194.) Consulting agency physician Michael Brown, Ph.D., agreed with Dr. Kester's diagnoses and assessment of limitations. (Tr. 196, 208.)

In his second decision, the ALJ rejected Dr. Lahntinen's opinion because it was inconsistent with Dr. Everhart's evaluation, Dr. Everhart is more qualified to assess mental limitations, and, as the treating physician, Dr. Lahntinen was perhaps "trying to be as supportive as possible and in accordance with his patient's wishes." (Tr. 19-20.)

Dr. Everhart's assessed GAF of 50 is indicative of "serious symptoms or any serious impairment in social, occupational or school functioning."[2] With respect to the severity of Plaintiff's limitations, Dr. Everhart does not contradict the opinion of Plaintiff's treating physician. Although Plaintiff did not complete all tasks during the evaluation, and Dr. Everhart considered that this might be indicative of malingering or lack of effort, she went on to assess a GAF of 50. The opinions of consulting agency physicians Drs. Kester and Brown are essentially in accord: Plaintiff suffers moderate difficulties maintaining concentration, persistence or pace (Kester at Tr. 192); Plaintiff is markedly limited in her ability to interact with the general public and moderately limited with respect to concentration, persistence or pace. (Brown at Tr. 208.)

As noted, if the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1453, 1463 (9th Cir. 1995). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995).

The ALJ fails to present clear and convincing reasons for rejecting all of the medical evidence of record except the opinion

---

[2] Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), at 32 (1995).

of the testifying physician, Allen Bostwick, Ph.D., Dr. Bostwick opined that Plaintiff suffers from *no medically determinable impairment* "due to malingering" on objective psychological testing. (Tr. 32.) (Emphasis added.) Dr. Bostwick refers to Dr. Everhart's evaluation as support for his unique diagnosis. Dr. Everhart did not diagnose malingering, assessed a GAF of 50, and instead diagnosed a generalized anxiety disorder, PTSD (chronic), major depressive disorder (single episode, moderate, with psychotic features (auditory hallucinations), rule out malingering, and rule out medical reasons for depression, psychotic features and anxiety). (Tr. 175-176.) In further contrast to Dr. Bostwick's misuse of her examination results, Dr. Everhart also opined that Plaintiff is likely to need help managing her funds and that her persistence is likely compromised due to the interaction of her physical and psychological symptoms. (Tr. 176-177.) Dr. Bostwick's opinion is unique and not supported by other evidence in the record. The ALJ erred when he rejected the opinions of all of the physicians except that of the testifying medical expert.

B. Appeals Council

The Appeals Council took review on its own motion and found that the original favorable decision was not supported by substantial evidence. (Tr. 80.) The Council cites five instances where substantial evidence is lacking: 1) the ALJ lists dementia as a severe impairment, but no treating or examining physician diagnosed dementia; 2) the ALJ failed to include a credibility determination; 3) no medical records supported Plaintiff's allegation that she had fainted twice at work; 4) Plaintiff's height is listed inconsistently in the record; and 5) the record is

inconsistent with respect to whether Plaintiff is moderately or markedly limited in dealing with the public. (Tr. 81.)

A careful review of the record indicates that the first ALJ's decision was supported by substantial evidence and should have been affirmed.

The ALJ's first decision states that Plaintiff suffers from the severe impairments of dementia and an affective disorder. (Tr. 62.) The Appeals Council is correct that dementia was not diagnosed by Plaintiff's treating or examining physicians. At the end of his decision, however, at finding number 2, the ALJ states that Plaintiff suffers from the impairments of "a severe affective disorder and anxiety related disorders." (Tr. 64.) This is the the diagnosis made by physician David Henzler, M.D.,[3] (chronic headaches and PTSD with anxiety and depression); examining physician Joyce Everhart, Ph.D. (generalized anxiety disorder, PTSD, chronic, major depressive episode, single episode, moderate, with psychotic features (auditory hallucinations), rule out malingering and rule out medical reasons for depression, psychotic features, and anxiety); consulting agency physicians Eugene Kester (affective and anxiety related disorders, with possible major depression with psychotic features, rule out malingering), and Michael Brown, Ph.D. (affective and anxiety related disorders, possible PTSD, major depressive disorder with psychotic features, rule out malingering). (Tr. 159, 175, 182, 185, 196.) The ALJ's initial notation that

[3] Plaintiff's treating physician, Duncan Lahtinen, D.O., referred her to Dr. Henzler for a neurological evaluation due to headaches.

Plaintiff suffered from dementia does not appear anywhere else in the record and was corrected by the ALJ in his findings later in the same decision. The single reference to dementia in the body of the decision appears to be simply a typographical error.

The second basis of allegedly insubstantial evidence is the ALJ's failure to assess Plaintiff's credibility. (Tr. 81.) The ALJ's first decision was based on consistent medical evidence of mental impairments, and included the opinions of treating, examining and consulting agency physicians.[4] Pursuant to 20 C.F.R. § 416.1448(a),[5] the ALJ determined that a hearing prior to the first decision was unnecessary. (Tr. 61.) It could not have been error for the ALJ to fail to make an explicit credibility determination given that the medical evidence fully supported a finding of disability even without conducting an oral hearing.

The Appeals Council found the ALJ's decision was not supported by substantial evidence because Plaintiff said she fainted at work twice, but no medical evidence supported this claim. The Appeals

---

[4] Consulting agency physician Eugene Kester, M.D., and examining physician Joyce Everhart, Ph.D., note that Plaintiff reported she has trouble finding her way home and the police help her. She also has some help with her activities of daily living. (Tr. 194, 176.)

[5] Section 416.1448 (a) provides: "If the evidence in the hearing record supports a finding in favor of you and all the parties on every issue, the administrative law judge may issue a hearing decision without holding an oral hearing."

Council is correct; however, Plaintiff's disability claim is based solely on mental impairments. The lack of evidence of the physical impairment of fainting at work is irrelevant and does not signal error by the ALJ in his first determination that Plaintiff suffers severe mental impairments.

Similarly, the Appeals Council found that the ALJ's decision was not supported by substantial evidence because the record lists Plaintiff's height inconsistently and "[a]lthough this may be a clerical error, the issue was not resolved." (Tr. 81.) Again, because Plaintiff's impairments are mental rather than physical, it is difficult to discern why the Appeals Council found this inconsistency significant enough to warrant remand. To the extent that Plaintiff's height is significant, examining physician Joyce Everhart, Ph.D., noted that Plaintiff appeared to be her stated height of 5'7. (Tr. 174.)

The Appeals Council found that the ALJ's decision was not supported by substantial evidence because Plaintiff's ability to work with the general public is variously described in the record as "moderate" or "markedly" limited, and the issue was not resolved. (Tr. 81.) It is significant that none of Plaintiff's past relevant work involved working with the public. Moreover, the Appeals Council is incorrect: the ALJ resolved this issue. In his hypothetical posed to VE Moreland at the hearing, the ALJ included a moderate difficulty in maintaining social functions. (Tr. 49.) It appears the ALJ did resolve the conflict in the evidence and found that Plaintiff was moderately rather than severely limited in this area. This medical evidence supports rather than undercuts the ALJ's initial determination that Plaintiff is disabled by her mental

impairments. It does not support the Appeals Council's assertion that the ALJ's fully favorable decision lacked the support of substantial evidence.

In his first decision, the ALJ found Plaintiff had the severe mental impairments of depression and an anxiety-related disorder. (Tr. 64.) The record supports this finding. The record also reveals that Plaintiff becomes lost easily and needs the help of police in finding her way home, cannot drive, has most of her meals prepared by her daughter, has problems with nightmares, isolates herself, and sometimes requires her daughter's help with maintaining personal hygiene. Although she is not physically impaired, all of the evidence of record (except that of the testifying medical expert), indicates that Plaintiff's concentration, persistence and pace are at least moderately impaired to the extent that she is unable to work even at unskilled jobs on a sustained basis.[6]

The ALJ's decision after remand did not adequately reject the limitations assessed by Plaintiff's treating and examining physicians, nor by agency physicians Drs. Kester and Brown. Following remand by the Appeals Council, the ALJ appears to have relied exclusively on the opinion of the testifying medical expert and by select sections of Dr. Everhart's evaluation. As Plaintiff points out, Dr. Everhart assessed a GAF of 50 which did not change between the first and second decisions. The portions of Dr. Everhart's opinion discussing Plaintiff's cognitive functioning do not support the ALJ's second decision finding Plaintiff capable of

---

[6] This is the opinion of testifying Vocational Expert Tom Moreland in response to the ALJ's hypothetical. (Tr. 50.)

routine repetitive tasks and simple instructions. There is simply no medical evidence aside from that of the testifying medical expert that supports assessing less than "moderate" limitations with respect to concentration, persistence and pace. Plaintiff's treating physician opined that she has three severe and eight moderate work-related limitations. The VE's opinion based on a hypothetical including the assessed limitation with respect to concentration, persistence and pace was that it would be very difficult for a person with Plaintiff's mental limitations to do any work on a sustained basis.

C. Remedy

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining psychologist. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester,* 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister*, *supra,* a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke*, 379 F.3d at 594 (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). When credited as a matter of law, it is clear from the opinions of all physicians except the testifying physician that

Plaintiff is disabled. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 12**) is **GRANTED;** the matter is **REMANDED** for payment of an immediate award of benefits.

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 15**) is **DENIED.**

3. Judgment for the **Plaintiff** shall be entered.

4. The District Court Executive is directed to enter this Order, forward copies to counsel, and close this file.

DATED January 18, 2007.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE